WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Fuller, | No. CV-18-00562-TUC-LCK |
| Plaintiff, | **ORDER** |
| v. | |
| Andrew Saul, | |
| Defendant. | |

Plaintiff Scott Fuller filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision by the Commissioner of Social Security (Commissioner). (Doc. 1.) Before the Court are Fuller's Opening Brief, Defendant's Responsive Brief, and Fuller's Reply. (Docs. 16, 20, 21.) The parties have consented to Magistrate Judge jurisdiction. (Doc. 13.) Based on the pleadings and the administrative record, the Court remands for further proceedings.

**PROCEDURAL HISTORY**

Fuller filed an application for Supplemental Security Income (SSI) in March 2017. (Administrative Record (AR) 205-13.) He alleged disability from March 28, 2016. (AR 206.) Fuller's application was denied upon initial review (AR 90-110) and on reconsideration (AR 111-30). A hearing was held on March 14, 2018. (AR 39-75.) Subsequently, on June 6, 2018, the ALJ found that Fuller was not disabled. (AR 13-25). The Appeals Council denied Fuller's request to review the ALJ's decision. (AR 1.)

# FACTUAL HISTORY

Fuller was born in September 1968, making him 47 years of age at the onset date of his alleged disability. (AR 205.) Fuller has limited past employment; his longest past relevant experience was as a propane tank filler in 2009-2010. (AR 232.)

The ALJ found that Fuller had the severe impairments of depression disorder, bipolar disorder, and drug and alcohol addiction. (AR 15.) The ALJ determined Fuller did not have a listed impairment. (AR 17-19.) Next, the ALJ found Fuller had the Residual Functional Capacity (RFC) to perform work at all exertional levels but with several non-exertional limitations:

> unskilled work that is simple and involves one or two-step tasks in a routine and predictable environment; only occasional, superficial, and non-collaborative interaction with the public, co-workers, and supervisors; and no expectation that the individual would have to resolve conflicts or persuade others to follow demands.

(AR 19.) Relying on the testimony of a vocational expert, the ALJ found at Step Five that Fuller could perform work that exists in significant numbers, such as janitor and salvage sorter. (AR 23.)

# STANDARD OF REVIEW

The Commissioner employs a five-step sequential process to evaluate SSI claims. 20 C.F.R. § 416.920; *see also Heckler v. Campbell*, 461 U.S. 458, 460-462 (1983). To establish disability the claimant bears the burden of showing he (1) is not working; (2) has a severe physical or mental impairment; (3) the impairment meets or equals the requirements of a listed impairment; and (4) claimant's RFC precludes him from performing his past work. 20 C.F.R. § 416.920(a)(4). At Step Five, the burden shifts to the Commissioner to show that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). If the Commissioner conclusively finds the claimant "disabled" or "not disabled" at any point in the five-step process, he does not proceed to the next step. 20 C.F.R. § 416.920(a)(4).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)). The findings of the Commissioner are meant to be conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla but less than a preponderance." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)). The court may overturn the decision to deny benefits only "when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001). This is so because the ALJ "and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019 (quoting *Richardson v. Perales*, 402 U.S. 389, 400 (1971)); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004). The Commissioner's decision, however, "cannot be affirmed simply by isolating a specific quantum of supporting evidence." *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998) (citing *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)). Reviewing courts must consider the evidence that supports as well as detracts from the Commissioner's conclusion. *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975).

**DISCUSSION**

Fuller argues his claim should be remanded for further proceedings based on these three reasons: (1) there is new and material evidence that the ALJ has not had an opportunity to consider; (2) the ALJ failed to account for Fuller's marked limitations in concentration, persistence, and pace in the RFC; and (3) the ALJ failed to properly evaluate Fuller's somatic impairments.

**New Evidence**

Fuller argues that this matter should be remanded so that the ALJ may consider new material evidence that likely would have changed the outcome of his claim. The evidence, which was submitted to the Appeals Council, documents an April 18, 2018 appointment

with orthopedist Dr. Christopher Stevens regarding Fuller's shoulder pain. (AR 32-37.) Regarding these records, the Appeals Council stated: "We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not consider and exhibit this evidence." (AR 2.)

When the Appeals Council considers new evidence in reaching its determination, that evidence is part of the Administrative Record and this Court must consider it. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012). The Appeals Council assessed the merits of the newly submitted medical records by evaluating whether they would change the ALJ's finding that Fuller was not disabled; therefore, it necessarily "considered" the evidence despite its statement to the contrary. *See Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993) (denial of review is on the merits when based on finding that newly-submitted material did not warrant a different outcome); *Patrick K.G. v. Saul*, No. SA CV 18-01156-RAO, 2019 WL 2613456, at *9 (C.D. Cal. June 26, 2019) (finding determination that evidence would not change the outcome requires Appeals Council to "consider" the evidence); *Reyes v. Comm'r of Soc. Sec. Admin.*, No. CV-17-08192-PCT-SMB, 2019 WL 2098755, at *3 (D. Ariz. May 14, 2019) (finding evidence submitted to Appeals Council was part of the record because the council "made a finding about the merits of the additional evidence and considered whether it would change the outcome of the decision."). Therefore, in reviewing the ALJ's decision, this Court must consider these medical records to the extent relevant to the claims raised here; remand for the ALJ to consider them in the first instance is not required.

**Residual Functional Capacity**

Fuller argues that the ALJ's RFC finding failed to account for his marked limitation in concentration, persistence, or pace. Specifically, he contends that limiting him to simple tasks in a routine environment (with minimal social interaction) did not adequately encompass his marked limitation.

In finding a marked limitation in concentration, persistence, or pace, the ALJ cited a variety of medical opinions to which she gave partial weight: consulting examiner Dr.

Rothbaum's observation that he found it difficult to conduct a focused medical exam due to Fuller's severe emotional issues (AR 931); consulting psychological examiner Dr. Rohen's finding that Fuller had mild attentional lapses plus some unspecified level of problems in persistence (AR 379); and, reviewing psychologist Dr. Garland, who found Fuller had moderate difficulties in concentration, persistence, or pace (AR 104). Of these three medical opinions, only Dr. Garland offered an evaluation of Fuller's ability to work despite his psychological impairments, concluding he could perform unskilled work with low social contact. (AR 108). The ALJ did not mention Dr. Kerns, the reviewing psychologist during the administrative reconsideration proceeding, who determined (like Dr. Garland) that Fuller had moderate concentration, persistence, or pace limitations. (AR 124.) The ALJ ultimately concluded, after assessing Fuller's testimony and psychological records (AR 17-19), that Fuller's limitation in concentration, persistence, or pace was marked, which was greater than that found in any medical opinion.[1] Despite that distinction, the ALJ appears to have adopted Dr. Kerns's evaluation of Fuller's RFC. (*Compare* AR 19 *with* AR 127-28.)

Defendant argues that the RFC adequately encompassed Fuller's limitations and was consistent with the medical opinions of record. The Ninth Circuit has explained that "an ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony." *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). *Bruesch v. Colvin*, 609 F. App'x 481, 482 (9th Cir. 2015) (affirming RFC because ALJ's determination was consistent with doctors' opinions that, despite concentration, persistence, and pace limitations, the claimant could perform simple work). The difference between those cases and Fuller's circumstances is that, here, no doctor opined that Fuller had <u>marked</u> limitations in concentration, persistence, or pace but could

---

[1] Defendant emphasized certain evidence also cited by the ALJ: multiple status exams documented Fuller as having good concentration; and, Fuller reported the ability to concentrate for twenty minutes at a time, finish what he began, and follow instructions. (Doc. 20 at 7-8.) Although the ALJ mentioned and considered this evidence, it did not alter her conclusion that Fuller's limitations in concentration, persistence, or pace were marked.

still perform unskilled routine work. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1181 (11th Cir. 2011) (reversing because ALJ did not identify medical evidence finding that level of impairment in concentration, persistence, or pace did not affect claimant's ability to perform work). Instead, the ALJ concluded that the entirety of the record established that Fuller had a more significant impairment in concentration, persistence, or pace than any medical opinion; she then adopted the RFC from a doctor (Dr. Kerns) who found a lesser limitation in that area. This is in contrast to *Stubbs-Danielson*, in which the court found that the ALJ explained his decision to omit the claimant's pace deficiencies from the RFC by referencing the doctor's opinion that was consistent with that determination. 539 F.3d at 1174-75 (distinguishing the case from one in which the ALJ failed to explain his omission from the RFC hypothetical of his finding that the claimant had "frequent deficiencies of concentration, persistence, or pace."); *see also Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008) (finding that the ALJ failed to provide an "accurate and logical bridge" between the medical testimony regarding mental limitations and the restriction to unskilled work). In sum, the ALJ's findings were not consistent with the medical testimony, and she did not explain how the RFC from Dr. Kerns (based on a moderate limitation) encompassed a marked limitation in concentration, persistence, or pace. This was error.

Defendant's arguments do not undermine this conclusion. Defendant cites *Gunderson v. Astrue*, 371 F. App'x 807, 809 (9th Cir. 2010), for the proposition that the ALJ had no obligation to include a concentration, persistence or pace limitation in the RFC. *Gunderson's* point was that not every Step-Two impairment imposes a limitation relevant to the RFC. It is inapposite to the Court's analysis because, here, the ALJ found, at Step Three, that Fuller had a substantial limitation in concentration, persistence, or pace.[2]

---

[2] The ALJ stated "the following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis" performed at Step Three. (AR 19.) This statement undermines Defendant's argument that the ALJ's consideration of functional limitations in Step Three is entirely separate from his RFC finding. Although distinct, an RFC determination is a more detailed assessment of the functions evaluated in Step Three. SSR 96–8p; *see also Ramirez v. Barnhart*, 372 F.3d 546, 555 (3d Cir. 2004) ("While SSR 96–8p does state that the [Step Three] findings are 'not an RFC assessment' and that step four requires a 'more detailed

Therefore, *Stubbs-Danielson* obligated the ALJ to explain how that limitation translated into concrete restrictions consistent with the medical evidence. She failed to do so.

Defendant also cites *Thomas v. Barnhart* to support his argument that a marked limitation in concentration is not incompatible with unskilled work. (Doc. 20 at 9.) In that case, the vocational expert testified that a doctor's finding of "low ability to concentrate for sustained periods of time" did not preclude the claimant from doing unskilled work comprised of "very simple tasks." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). That case is without application here because the VE did not offer such testimony as to Fuller. To the contrary, the reviewing doctors that concluded Fuller could do unskilled work based that finding on their determination that his limitation in concentration, persistence, or pace was only moderate not marked. The ALJ failed to provide an explanation as to how a restriction to unskilled work accounted for marked limitations in concentration, persistence, or pace. *See Newton v. Chater*, 92 F.3d 688, 695 (8th Cir. 1996) (holding a limitation to simple jobs did not adequately represent a deficiency in concentration, persistence or pace) (cited with approval in *Thomas*, 278 F.3d at 956).

The Court's finding – that the ALJ erred by failing to incorporate Fuller's marked limitation in concentration, persistence, or pace into the RFC – is supported by unpublished opinions from the Ninth Circuit holding that a moderate limitation in concentration, persistence or pace must be included in a claimant's RFC. *See Lubin v. Comm'r of Soc. Sec. Admin.*, 507 F. App'x 709, 712 (9th Cir. 2013) (clarifying that limiting a claimant to one to three step tasks did not capture a concentration, persistence or pace deficiency); *Williamson v. Comm'r of Soc. Sec.*, 438 F. App'x 609, 611 (9th Cir. 2011). This Court has issued several opinions consistent with those Ninth Circuit cases. *See Perkins v. Colvin*, No. CV-13-01817-PHX-BSB, 2014 WL 4425785, at *13-14 (D. Ariz. Sept. 9, 2014) (finding case analogous to *Brink v. Comm'r of Soc. Sec. Admin.*, 343 F. App'x 211 (9th Cir. 2009), which distinguished *Stubbs-Danielson*); *Cornelius v. Colvin*, No. 13-00535-

---

assessment,' it does not follow that the findings on [Step Three] play no role in steps four and five, and SSR 96–8p contains no such prohibition.").

PHX-SPL, 2014 WL 4702614, at *3 (D. Ariz. Sept. 22, 2014) (noting that an ability to perform unskilled tasks could be compromised if a person cannot perform those tasks at a consistent pace); *Wendte v. Colvin*, No. 12-01523-PHX-GMS, 2013 WL 2390267, at *6 (D. Ariz. May 30, 2013). All of these cases, although not precedential, are of significant persuasive value.[3] And, they are weightier in this case because the ALJ concluded Fuller's limitation was marked not just moderate. *See Viles v. Colvin*, No. 3:14-CV-0534-SI, 2015 WL 1393296, at *11 (D. Or. Mar. 25, 2015) ("Although limiting a claimant to simple and repetitive tasks may, under some circumstances, properly incorporate 'moderate' limitations in concentration, persistence, and pace, 'marked' limitations require more.").

**Somatic Impairments**

Fuller argues there is evidence he has bilateral arm trauma; bilateral arthritic changes, including severe osteoarthritis in the glenohumeral joint of the left shoulder; right shoulder potential for total arthroplasty; left shoulder deterioration; and, hepatitis C. Fuller's argument mixes together two theories of error – he has somatic impairments that qualified as severe at Step Two, and the ALJ erred in rejecting his symptom testimony regarding the severity of his arm and shoulder impairments. He developed only his claim regarding symptom testimony.

At Step Two, the ALJ acknowledged that Fuller had a history of bilateral shoulder surgeries, shoulder osteoarthritis, and a right bicep tear. (AR 15.) She concluded, however, that the objective evidence did not support finding that these impairments caused more than minimal limitations on Fuller's ability to perform work activities. (AR 15-16.) The ALJ stated that she would still consider these impairments in formulating the RFC. (AR 16.) In turn, the ALJ included a summary of Fuller's symptom testimony regarding his shoulders and bicep when discussing her RFC finding. (AR 20.) Ultimately, the ALJ concluded that Fuller's impairments could cause his symptoms, but his statements regarding the impact of

---

[3] In a 2013 case in this Court, the Commissioner conceded that it was error for an ALJ to find that a claimant had moderate limitations in concentration, persistence, or pace, but then to limit her to unskilled work without including detailed functional limitations. *Pronovost v. Astrue*, No. CV-12-01168-PHX-FJM, 2013 WL 1092902, at *1 (D. Ariz. Mar. 15, 2013).

his symptoms were not consistent with the record "for the reasons explained in this decision." (AR 22.)

The flaw in the ALJ's symptom testimony analysis is that she discussed only Fuller's mental impairments, she provided no explanation for her rejection of Fuller's symptom testimony related to his somatic impairments. (*See* AR 20-22.) The ALJ's discussion at Step Two was based solely on the objective medical evidence, which does not, alone, provide grounds to reject a claimant's symptom testimony. *See* SSR 16-3p (credibility factors into the ALJ's decision only when the claimant's stated symptoms are not substantiated fully by the objective medical evidence); *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) (finding error because ALJ discounted credibility solely because the claimant's symptoms were not substantiated by the medical evidence). Because the ALJ failed to provide clear and convincing, specific reasons to reject Fuller's symptom testimony regarding his somatic impairments, she erred. *See Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014); SSR 16-3p ("We will explain which of an individual's symptoms we found consistent or inconsistent with the evidence in his or her record and how our evaluation of the individual's symptoms led to our conclusions.").

## CONCLUSION

A federal court may affirm, modify, reverse, or remand a social security case. 42 U.S.C. § 405(g). When a court finds that an administrative decision is flawed, the remedy should generally be remand for "additional investigation or explanation." *INS v. Ventura*, 537 U.S. 12, 16 (2006) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)); *see also Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004).

Fuller requests remand for further proceedings; he did not argue that remand for the award of benefits was warranted based on the current record. The Court finds this is the appropriate result because further proceedings, particularly regarding Fuller's somatic complaints (for which new evidence was continuing to develop after the hearing), would be useful. *See Leon v. Berryhill*, 800 F.3d 1041, 1047 (9th Cir. 2017).

Accordingly,

1 **IT IS ORDERED** that this case is remanded to the ALJ for a new hearing and further proceedings, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court should enter judgment and close this case.

Dated this 2nd day of March, 2020.

_Lynnette C. Kimmins_
Honorable Lynnette C. Kimmins
United States Magistrate Judge